RECEIVED
IN LAKE CHARLES, LA
FEB - 8 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex. rel. VANDY T. BRINLEE, and VANDY T. BRINLEE, Individually | : | DOCKET NO. 2:04 CV 310 |
| VS. | : | JUDGE MINALDI |
| AECOM GOVERNMENT SERVICES, INC. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc. 22] the plaintiff's First Amended Complaint pursuant to Fed.R.Civ.P. 12 (b)(6) filed by AECOM Government Services, Inc. ("AECOM"). The motion has been opposed by the plaintiff and AECOM has filed a reply.

Rule 12(b)(6) Standard

On a F.R.Civ.P. Rule 12(b)(6) motion, the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.[1] The motion will be denied if the allegations support relief on any possible theory.[2] The court will "bend over backwards to avoid granting a 12(b) motion to dismiss."[3]

"The court's inquiry is directed to whether the allegations constitute a statement of a claim

---

[1] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993).

[2] *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994).

[3] *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993).

under Rule 8(a)."[4] All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]

There is no requirement that the plaintiff "set out in detail the facts upon which he bases his claim."[6] General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim."[7] However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted by the court.[8]

Facts

The plaintiff, Vandy Brinlee ("Brinlee"), was hired by AECOM on June 6, 2003, to serve as the Area Support Supervisor for AECOM's facility maintenance services contract at Fort Polk, Louisiana.[9] Brinlee's responsibilities as Area Support Supervisor involved supervising employees of AECOM's Directorate of Public Works ("DPW").[10] In the course of performing his job, Brinlee

---

[4] Wright & Miller, Federal Practice and Procedure Civil 2d, §1357 at n.11; *Leatherman*, supra at 1163.

[5] *Leatherman*, supra at 1163 (Quoting <u>Conley v. Gibson</u>, 78 S.Ct. 99, 103 (1957)).

[6] *Leatherman*, supra at 1163.

[7] *National Organization for Women, Inc. v. Scheidler*, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2137 (1992)).

[8] Wright & Miller, Federal Practice and Procedure: Civil 2d §1357, pp. 311-21.

[9] Contract No. DAKF11-02-C0003; Compl. ¶ 9.

[10] *Id.*

alleges that he became aware of "a number of false and fraudulent claims" involving AECOM's performance.[11] As Brinlee became aware of each of these alleged improprieties, he claims to have notified his supervisors.[12]

Beginning in November 2003, Brinlee asserts that he was the subject of workplace harassment from two of his supervisors.[13] Among the instances of harassment cited, Brinlee claims that his supervisors required him to receive pre-authorization before he purchased items with his corporate credit card.[14] Also, his supervisors allegedly reversed, or "countermanded," instructions that Brinlee gave to the employees that he supervised.[15]

In response to this alleged harassment, Brinlee filed an administrative grievance against a fellow AECOM manager on November 11, 2003.[16] Another supervisor allegedly contacted employees under Brinlee's supervision and pressured them to "provide adverse statements about Brinlee."[17] On December 8, 2003, Brinlee's administrative grievance was rejected and AECOM placed him on administrative leave because Brinlee was suspected of misusing Government property and engaging in other office misconduct.[18]

---

[11] *Id.*

[12] Compl. ¶¶ 20, 22, 25, 31, 36, 49.

[13] Compl. ¶ 59.

[14] Compl. ¶ 60.

[15] Compl. ¶ 61.

[16] Compl. ¶ 62.

[17] Compl. ¶ 63.

[18] Compl. ¶ 65.

The Army's Criminal Investigative Command ("CID") subsequently notified AECOM for the first time that Brinlee was participating in a False Claim Act investigation.[19] Three weeks later, on December 29, 2003, Brinlee was terminated for the same misconduct that precipitated his administrative leave.[20]

Brinlee subsequently filed this *qui tam* suit. The United States declined to intervene. Because Brinlee, relator-plaintiff, is a private individual, not the government, he relies upon the *qui tam* provisions of the False Claims Act.[21] Brinlee also claims that AECOM violated the "whistle-blower" protection provisions of the FCA[22] because AECOM allegedly retaliated against Brinlee for taking action in furtherance of his FCA claim.

Analysis

AECOM moves to dismiss the plaintiff's First Amended Complaint on two grounds:

1) On Count One, the Amended Complaint alleges what AECOM asserts are "multiple wholly unsubstantiated instances of purported fraudulent behavior" by AECOM in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* AECOM argues that the plaintiff fails to identify "even a single specific occurrence of fraud" with the kind of particularity that is required by Rule 9(b) of the Federal Rules. AECOM also argues that the plaintiff has failed to identify events that are within the scope of the FCA; and

2) In Count Two, AECOM argues that the complaint alleges a violation of 31 U.S.C. § 3730(h), charging that AECOM retaliated against Brinlee with threats, harassment, and eventual termination as a result of the plaintiff's purported acts "in furtherance" of his FCA claim. AECOM argues that because the allegations in Count One do not raise a viable FCA claim, a retaliation claim pursuant to § 3730(h) cannot stand and should be dismissed. AECOM further argues that even if the court finds that Count One gives rise to a viable FCA claim,

---

[19] *Id.*

[20] Compl. ¶ 67.

[21] 31 U.S.C. §§ 3729-3733.

[22] 31 U.S.C. §3730(h).

4

the plaintiff's § 3730(h) claim should be dismissed because the complaint makes it clear that the administrative action taken against Brinlee, which culminated in termination, was not in response to protected conduct "in furtherance of an action" under the FCA, as the statute requires.

Count One

Claims brought under the FCA must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b).[23] The plaintiff is required to plead fraud with such particularity as is necessary to provide the defendants with sufficient notice of the acts of which the plaintiff complains to enable them to frame a response, prevent fishing expeditions to uncover imagined wrongs, and protect the defendants from unfounded accusations of immoral and otherwise wrongful conduct. Rule 9(b) must not be read to abrogate Rule 8(a) requiring notice pleading.[24] "[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading."[25] "Its clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." The Fifth Circuit has held that "[a] special relaxing of Rule 9(b) is a *qui tam* plaintiff's ticket to the discovery process that the statute itself does not contemplate."[26]

To satisfy Rule 9(b) the complaint must allege the "who, what, when, where, and how of the

---

[23] *United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 328 (5th Cir.2003).

[24] *Friedlander*, 755 F.2d at 813 n. 3.

[25] *Durham v. Business Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988; *Friedlander v. Nims*, 755 F.2d 810, 813, n. 3 (11th Cir.1985).

[26] *U.S. ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 309 (C.A.5 (Tex.),1999).

5

alleged fraud."[27] Brinlee argues, however, that the pleading requirements of Rule 9(b) are relaxed where, as here, the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge. Although the Fifth Circuit has held that fraud may be pled on information and belief under such circumstances, the court has also warned that this exception "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations."[28] In addition, even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief.[29] In the instant complaint, Brinlee has accused AECOM of fraudulent behavior based upon information and belief. The amended complaint contains "General Allegations" which provide a synopsis of the allegations contained in the complaint describing in general terms the "who, what, when and where" of the alleged fraudulent acts including allegations that daily labor and equipment forms ("L&E") routinely contained false information regarding the time spent by employees on identified work orders; time card fraud, in which employees of AECOM were paid by the government while working for private companies; falsified service orders in which the government was billed for work not performed; fraudulent warranty work, in which AECOM billed the government for work which should have been performed under another contract by another

---

[27] *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997) (internal quotations omitted) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)); Sealed Appellant I v. Sealed Appellee I 156 Fed.Appx. 630, 632-633, 2005 WL 3178190,**2 (C.A.5 (Tex.), 2005).

[28] See *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, *903 (C.A.5 (Tex.),1997); *Tuchman v. DSC Communication Corp.*, 14 F.3d 1061, 1068 (5th Cir.1994).

[29] *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1279 n. 3 (D.C.Cir.1994); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993).

contractor; and improper coding. Count I provides specific allegations of false labor billing (Am. Compl. ¶¶ 16-28), falsified service orders (Am. Compl. ¶¶ 29-33), falsified coding (Am. Compl. ¶¶ 34-38), falsified inventory charges (Am. Compl. ¶¶ 39-47), fraudulent warranty work (Am. Compl. ¶¶ 48-51), and an asbestos abatement claim (Am. Compl. ¶¶ 52-54).

AECOM argues that the complaint does not identify particulars regarding any false or fraudulent submissions for payment to the government. AECOM asserts that there is no indication of when AECOM allegedly made false claims to the government, who made such a claim on its behalf, or what the contents of any such claim may have been. The relator provided details of the allegedly fraudulent acts and stated repeatedly in the complaint that invoices were prepared and turned in to AECOM for submission to the government.

Although there is no question plaintiff's complaint is detailed regarding the process allegedly undertaken by AECOM and its employees, it fails to make adequate factual allegations that AECOM committed fraud against the government. The plaintiff alleges no specific facts in support of his general allegation that AECOM submitted false claims. Instead, the plaintiff makes relatively detailed statements about the alleged schemes carried out by AECOM and then ends the description of each scheme with a general summation that typically states that the fraudulent invoices were submitted to AECOM so that AECOM could bill the government. The plaintiff has failed to identify a single claim that was actually submitted pursuant to the allegedly fraudulent schemes identified in the Amended Complaint. Essentially, the plaintiff has set out the process by which defendants could have produced false claims, but provides no facts that this process did, in fact, result in the

*submission* of false claims.[30]

In *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141 (D.Mass.2000), the court reached a similar conclusion where the Plaintiff described with particularity how defendant vendors had a process that might have produced invoices that falsely inflated the cost of supply items for which hospitals would seek Medicare reimbursement, but failed to identify a single false claim that was actually submitted. Similarly, the court in *United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F.Supp. 292 (D.D.C.1996) dismissed plaintiff's complaint because it failed "to state the date or dates on which the allegedly false invoices were submitted, to give the invoice(s) number, [or] to identify the employees responsible for the submission."[31] This information is critical because the FCA only punishes the "knowing" submission of false or fraudulent claims.[32] Innocent mistakes and negligence are not actionable under the FCA.[33]

---

[30] U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc. 198 F.R.D. 560, 563 (N.D.Ga., 2000).

[31] *Alexander*, 924 F.Supp. at 303; *see also, United States ex rel. Riley v. Alpha Therapeutic Corp.*, 1997 WL 818593 *3 (N.D.Cal.1997) (holding that plaintiff's amended complaint fails to identify a specific false claim made by any of the defendants named).

[32] 31 U.S.C. § 3729(1) and (2); *Alexander*, 924 F.Supp. at 303; *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265-66 (9th Cir.1996) (holding that the "FCA offense is the *knowing* presentation of a claim that is either fraudulent or simply false.") (emphasis added).

[33] *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 198 F.R.D. 560, 563 (N.D.Ga.,2000); *Hindo v. University of Health Sciences*, 65 F.3d 608, 613 (7th Cir.1995).

In *Clausen*[34] a former competitor brought an action against a national commercial reference laboratory that performs medical testing, alleging that the laboratory violated the False Claims Act (FCA) by submitting false claims for payment to Medicare, Medicaid, and the Civilian Health and Medical Program of the United States (CHAMPUS). On the defendant's motion to dismiss, the District Court held that the plaintiff failed to satisfy the requirement that fraud be pled with particularity, where plaintiff failed to identify a single bill that was actually submitted pursuant to the alleged fraudulent scheme. The Eleventh Circuit affirmed the District Court.[35] The plaintiff sought certiorari, presenting two questions:

1) Whether the court of appeals' restrictive interpretation of Fed.R.Civ.P. 9(b) imposes an excessive burden on *qui tam* relators that is contrary to Supreme Court precedents, is inconsistent with the language and purposes of the rule, and undermines Congress's stated intent to encourage whistleblowers with knowledge of wrongdoing to come forward; and

2) Whether failure to comply with Fed.R.Civ.P. 9(b)'s requirement that, "[i]n all averments of fraud..., the circumstances constituting fraud...shall be stated with particularity," is in all cases fatal to a complaint filed under the False Claims Act, when the False Claims Act expressly provides that intent to defraud need not be proven and imposes liability in circumstances that do not constitute fraud.

The U.S. Supreme Court denied *certiorari*.[36] Based up precedent and the Supreme Court's denial of review, this court finds that the plaintiff failed to satisfy the requirement that fraud be pled with particularity.

---

[34] *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 198 F.R.D. 560, 563 (N.D.Ga.,2000).

[35] *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 52 Fed.R.Serv.3d 793, 15 Fla. L. Weekly Fed. C 560 (11th Cir. (Ga) May 9, 2001)(No. 01-13312).

[36] *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 537 U.S. 1105, 123 S.CT. 870, 154 L.Ed.2d 774, 71 USLW 3284, 71 USLW 3469, 71 USLW 3470 (U.S. Jan. 13, 2003).

The plaintiff also fails to specify the time of submission with particularity. Although Brinlee states specific dates that duplicative, fraudulent or unnecessary invoices were created, he provides no dates that the allegedly false claims were actually submitted to the government. If allegations of fraud occur over time, without any references to a specific point in time, the allegations are insufficient to withstand a Rule 9(b) challenge.[37] The plaintiff must plead more specifically regarding the time that at least some of the fraudulent claims were submitted so that AECOM may adequately respond to the allegations.

## Conclusion

The Amended Complaint does not identify any specific claims that were submitted to the United States or that identify the dates on which those claims were presented to the government. Instead, Brinlee relies exclusively on conclusory allegations of fraudulent billing. Although his description of the fraudulent schemes in which AECOM allegedly engaged is set out in specific detail, performing these acts is not a violation of the FCA. AECOM employees could visit many sites, falsify orders and/or codes as they pleased as long as AECOM only billed for the ones allowable under the applicable governmental program or regulation. Therefore, the fact that AECOM employees allegedly engaged in fraudulent activities, without sufficient allegations regarding the billing for these activities, does not allege a fraud claim with sufficient particularity according to Rule 9(b).[38]

---

[37] *Butler*, 74 F.Supp.2d at 1216.

[38] *See Hopper*, 91 F.3d at 1266 (holding that "the Act attaches liability, not to the underlying fraudulent activity, but to the 'claim for payment' ") (quoting *U.S. v. Rivera*, 55 F.3d 703, 709 (1st Cir.1995)).

The Defendant's Motion to Dismiss should be granted.[39] Nevertheless, this court usually permits a plaintiff to amend a complaint at least once to eliminate any deficiencies found by the court. The Federal Rules of Civil Procedure provide that leave to amend the complaint shall be freely given as "justice so requires."[40] As such, and even though this is an amended complaint, Plaintiff is granted leave to amend his complaint and bring it into compliance with Rule 9(b). An amended complaint must be filed within 30 days of the docketing of this Order. If no amended complaint is filed, the Clerk will be directed to enter judgment for AECOM and close this file.

Lake Charles, Louisiana, this ___ day of _____, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[39] It is unnecessary to rule on the Defendant's Rule 12(b)(6) Motion to Dismiss Count II for failing to state a claim under the FCA. The issue will be addressed if Plaintiff files an amended complaint that complies with Rule 9(b).

[40] Fed.R.Civ.P. 15(a).