RECEIVED
IN LAKE CHARLES, LA
APR 2 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. VANDY T. BRINLEE, and VANDY T. BRINLEE, Individually | : | DOCKET NO. 2:04 CV 310 |
| VS. | : | JUDGE MINALDI |
| AECOM GOVERNMENT SERVICES, INC. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Again before the court is AECOM Government Services, Inc.'s ("AECOM") Motion to Dismiss [doc. 22] pursuant to Rule 12(b)(6). On first hearing the motion, the court ordered the relator-plaintiff, Vandy T. Brinlee, to bring his complaint into compliance with Rule 9(b). Brinlee has timely filed a second amended complaint, to which AECOM responded with a Renewed Motion to Dismiss [doc. 40]. The Renewed Motion is also presently before the court and is opposed by Brinlee. The United States, which has declined to intervene, has filed a Statement of Interest requesting that any dismissal be without prejudice to the government.

## BACKGROUND

The underlying facts of this case are set out in the court's prior ruling on AECOM's Motion to Dismiss and will not be repeated here. A brief discussion of the procedural background, however, will provide the relevant context for the instant motions.

On January 26, 2004, the Brinlee filed a complaint pursuant to the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.* In short, Brinlee alleges that AECOM

perpetrated fraud upon the government by filing numerous false claims (Count I) and that, after reporting the fraud to the government, AECOM retaliated against him in violation of the FCA's "whistleblower" protections (Count II). Though the United States declined to intervene,[1] Brinlee has continued to prosecute the action.

On November 6, 2006, AECOM filed a motion to dismiss Brinlee's First Amended Complaint.[2] AECOM argued that Brinlee failed to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. AECOM also argued that because Brinlee does not raise a viable FCA claim, his retaliation claim should be dismissed.

On February 8, 2007, the court agreed with AECOM, finding that Brinlee failed to "make adequate factual allegations that AECOM committed fraud against the government."[3] The court noted that Brinlee's First Amended Complaint "has set out the process by which defendants could have produced false claims, but provides no facts that this process did, in fact, result in the *submission* of false claims."[4] Nevertheless, the plaintiff was granted leave to file a second amended complaint in order to plead allegations of fraud with greater particularity.

On March 8, 2006, Brinlee filed his Second Amended Complaint.[5] Thereafter, AECOM filed

---

[1] Doc. 15. The government has requested that should the court dismiss the plaintiff's action, such dismissal be without prejudice to the United States in order to preserve the government's right to pursue future claims against AECOM. *See* Statement of Interest [doc. 38].

[2] Doc. 22.

[3] February 8, 2006 Mem. Ruling 7 [doc. 36].

[4] *Id.* (emphasis in original).

[5] Doc. 39.

a renewed motion to dismiss, to which Brinlee filed an reply and AECOM filed a sur-reply.[6] Both the original and renewed motions to dismiss are now before the court and urge dismissal pursuant to Rule 12(b)(6).

## RULE 12(b)(6) STANDARD

On a Rule 12(b)(6) motion, the court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993). The motion will be denied if the allegations support relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994). The court will "bend over backwards to avoid granting a 12(b) motion to dismiss." *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993).

"[T]he district court's inquiry typically is directed simply to the question whether the allegations constitute a statement of a claim for relief under Rule 8(a)." 5B C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 1998); *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163. All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957)) (internal quotations omitted).

There is no requirement that the plaintiff "set out in detail the facts upon which she bases her claim." *Id.* General factual allegations are sufficient and the court "will presume that general

---

[6] Docs. 40, 42, & 43, respectively.

3

allegations embrace those specific facts that are necessary to support the claim." *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137 (1992)). However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted by the court. WRIGHT, MILLER & COOPER, *supra* at § 1357.

## ANALYSIS

### Count I

Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED.R.CIV.P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)). As noted in the court's prior opinion, Rule 9(b) applies to claims under the FCA. *See United States, ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 328 (5th Cir. 2003); *see also United States, ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1308-1309 (11th Cir. 2002). Indeed, the FCA is a "fraud statute." *See, e.g., Clausen*, 290 F.3d at 1309-1310.

Consequently, rather than dismissing the relator-plaintiff's First Amended Complain, the court gave Brinlee an opportunity to amend his complaint in order to allege specific instances where AECOM submitted false claims to the government. Although Brinlee has filed a Second Amended Complaint, the amendments to the complaint do not cure the deficiencies of his earlier version.

The most significant addition to Brinlee's complaint is the attachment of two exhibits in

support of Brinlee's allegation that AECOM billed the government for an inventory of tools which never actually took place. Had AECOM timely and properly conducted the inventory, Brinlee asserts that "millions of dollars in missing or stolen tools and equipment" would have been discovered.[7] Brinlee's first exhibit is a list of tools which, upon a properly conducted re-inventory, had to be repurchased. The second exhibit is an email from Ralph Stillwell, one of Brinlee's supervisors, acknowledging that missing tools were found during a re-inventory.

These two exhibits tend to support the theory that AECOM's first inventory of tools was conducted negligently. Sloppy or negligent work, however, does not equate to fraud and is therefore insufficient to state a claim under the FCA. *See Clausen*, 290 F.3d at 563 ("Innocent mistakes and negligence are not actionable under the FCA.") (citing *Hindo v. University of Health Sciences*, 65 F.3d 608, 613 (7th Cir.1995)). These exhibits do not prove that the first inventory was never conducted or that the government was billed therefor.

In sum, Brinlee's Second Amended Complaint fails on the same grounds as his First Amended Complaint. Having failed to plead fraud with sufficient particularity, the FCA violations alleged in Count I of the Second Amended Complaint will be dismissed.

## Count II

AECOM argues that because the allegations in Count I do not raise a viable FCA claim, a retaliation claim pursuant to § 3730(h) cannot stand and should be dismissed. AECOM further argues that even if the court finds that Count I gives rise to a viable FCA claim, the retaliation claim should be dismissed because the administrative action taken against Brinlee, which culminated in

---

[7] 2d Am. Compl. ¶ 47.

termination, was not in response to protected conduct "in furtherance of an action" under the FCA. In ruling on the motion to dismiss the First Amended Complaint, the court stated, "It is unnecessary to rule on the Defendant's Rule 12(b)(6) Motion to Dismiss Count II for failing to state a claim under the FCA. The issue will be addressed if Plaintiff files an amended complaint that complies with Rule 9(b)."[8]

AECOM took the above statement to be the court's recognition "that Plaintiff's whistle-blower claim cannot stand alone, without the support of a viable FCA action."[9] This is not so. The court simply deferred ruling on Count II in order to determine how much weight, if any, should be given to well-pled FCA claims in deciding whether to dismiss Brinlee's complaint.

To prevail on a § 3730(h) claim, it is not necessary that the relator-plaintiff develop a winning *qui tam* action. *United States, ex rel. Yesudian v. Howard University*, 153 F.3d 731, 739 (D.C. Cir. 1998) (citing S. Rep. No. 99-345, at 35 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5266, 5300; *United States, ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1522 (10th Cir. 1996)). Rather, the statute merely "requires only that the plaintiff have engaged in 'acts ... *in furtherance of* an action under this section.'" *Id.* (quoting 31 U.S.C. § 3730(h)) (emphasis added).

Thus, to establish a retaliation claim, the employee must prove: (1) he was engaging in conduct protected under the FCA; (2) the employer knew that the employee was engaging in such conduct; and (3) the employer discriminated against the employee because of his protected conduct. *United States, ex rel. Hopper v. Anton*, 91 F.3d 1261, 1269 (9th Cir. 1996) (citing S. Rep. No. 99-345,

---

[8] February 8, 2006 Mem. Ruling 11 n. 39.

[9] Renewed Mot. to Dismiss 4 [doc. 40].

at 34-35, 1986 U.S.C.C.A.N. at 5299-300; *Mikes v. Strauss*, 889 F.Supp. 746, 752 (S.D.N.Y. 1995)); *see also Robertson v. Bell Helicopter Textron*, 32 F.3d 948, 950-52 (5th Cir.1994).

From Brinlee's complaint, it is abundantly clear that he was engaging in protected activity--that is, acts in furtherance of an FCA action. Considering the allegations that both Brinlee and the Department of Defense's Criminal Investigation Division advised AECOM that Brinlee was cooperating in an investigation of claims of faud, it is also clear that AECOM knew that Brinlee was engaging in protected conduct. Finally, there are sufficient allegations that AECOM placed Brinlee on administrative leave and ultimately terminated him as a result of this protected conduct. Accordingly, Brinlee's complaint states a claim for retaliation under the FCA.

## CONCLUSION

AECOM's motions to dismiss will be granted in part and denied in part. Brinlee's FCA claims in Count I of the Second Amended Complaint will be dismissed without prejudice. However, as to Count II, AECOM's motion will be denied, as these allegations constitute a statement of a claim for relief under § 3730(h).

Lake Charles, Louisiana, this 25 day of April, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE